## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **ALEXANDER CHMIELEWSKI,** | |
| *Plaintiff*, | Case No: |
| v. | |
| **CLARITY SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Alexander Chmielewski ("**Mr. Chmielewski**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**" or "**Defendant**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Chmielewski against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

Page **1** of 15

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Orange County, which is in the Middle District.

## PARTIES

5. Mr. Chmielewski is a natural person residing in Orlando, Orange County, Florida.

6. Mr. Chmielewski is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Clarity is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS
### Clarity's Inaccurate Consumer Reports Regarding Mr. Chmielewski

10. At some point in 2019, Clarity began maintaining a credit file on Mr. Chmielewski.

11. Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

12. For example, Clarity reports on August 23, 2023 at 11:12 AM, Mr. Chmielewski's length of time at his residence was 0-months. **SEE PLAINTIFF'S EXHIBIT A.**

13. However, one minute later at 11:12 AM, Clarity reported that Mr. Chmielewski's length of time at his residence was now 3-months. *Id.*

14. Then another minute later, Clarity reported his length of time at his residence was now 36-months. *Id.*

15. Clarity reported on August 23, 2023 that Mr. Chmielewski worked for his employer for 0-months. *Id.*

16. Then a few seconds later, Clarity reported that Mr. Chmielewski worked for his employer for 120-months. *Id.*

17. Then again, two minutes later, Clarity reported that Mr. Chmielewski worked for his employer for 60-months. *Id.*

18. Clarity also reported two different incomes under Mr. Chmielewski's "Net Monthly Income" on June 5, 2022. *Id.*

19. Additionally, on June 5, 2022, Clarity reported two different pay frequencies for Mr. Chmielewski, *Id.*

20. Clarity reported Mr. Chmielewski's occupation as "NA" on September 2, 2020.

21. "NA" is a placeholder automatically inserted by Clarity's systems when an occupation is not furnished by a data furnisher.

22. "NA" is not an occupation.

23. Thus, Clarity's systems are literally *programmed to insert false information* into consumer credit files.

24. Records from Clarity show it sold at least thirteen (13) reports regarding Mr. Chmielewski in the past twenty-four months.

25. Each of these reports contained the false and preposterous information about Mr. Chmielewski's employment history, income, payment frequency, occupation, and more.

26. Clarity, a subsidiary of Experian Information Solutions, Inc. ("**Experian**"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

27. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

28. Indeed, Clarity frequently reports lengths of employment that exceed one million years, lengths of residential history that exceed one million years, and other information clearly false.

29. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

30. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Chmielewski.

31. Clarity was thus aware that when it sold reports on Mr. Chmielewski in the last twenty-four months that, under a best-case scenario, it was selling information it knew it had gathered without regard to accuracy or completeness.

32. As a result of the Defendant's actions, Mr. Chmielewski has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

33. Mr. Chmielewski has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

34. Mr. Chmielewski adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

35. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Chmielewski when Clarity sold at least thirteen (13) consumer reports containing inaccurate information about the length of time at his residence, the length of time at his employer, his pay frequency, and his occupation.

36. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

37. Clarity's conduct was thus willful or done with a reckless disregard for Mr. Chmielewski's rights under the FCRA.

38. As a result of its conduct, Clarity is liable to Mr. Chmielewski pursuant to the FCRA for the greater of Mr. Chmielewski's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Chmielewski respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Chmielewski's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

39. Mr. Chmielewski adopts and incorporates paragraphs 1 – 33 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

40. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Chmielewski when Clarity sold at least fourteen (14) consumer reports containing inaccurate information about the length of time at his residence, the length of time at his employer, his pay frequency, and his occupation.

41. Clarity owed Mr. Chmielewski a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Chmielewski.

42. Clarity breached this duty when it sold at least thirteen (13) consumer reports containing inaccurate information about the length of time at his residence, the length of time at his employer, his pay frequency, and his occupation.

43. Clarity thus acted negligently, and Mr. Chmielewski is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Chmielewski respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on August 14, 2024, by:

**SERAPH LEGAL, P.A.**

*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A     Mr. Chmielewski's Clarity Statement, July 9, 2024, Personal & Employment Information – Excerpt